SEBORN G. SNEED v. JOHN MOODIE.

A petition on a promissory note, which contains no averment that the defendant made, or signed the note, or of any fact, from which the legal inference of a liability on his part can be drawn, is insufficient.

An error, which goes to the foundation of the action, arising from the overruling of a general demurrer, cannot be deemed to be waived, although it be not assigned for error.

ERROR from Travis. Tried below before the Hon. Alexander W. Terrell.

This suit was brought by John Moodie against Seborn G. Sneed, on a promissory note.

The petition alleged, " that the defendant is indebted to the plaintiff, as is evidenced by a certain instrument of writing, (which is prayed to be taken as part of this petition,) a copy of which is as follows :

" 'Due John Moodie $190.87½, for value received, to bear ten per cent. interest per annum, until paid. Austin, March 9th, 1859.

" 'S. G. SNEED.'

" Yet, nevertheless, although the said Sneed is thus indebted to your petitioner, he has, hitherto, failed and refused, and still fails and refuses to pay to petitioner said sum of money, or any part thereof, to the damage of your petitioner, three hundred dollars." Prayer for citation, and judgment for the amount of the principal and interest of the note, costs of suit, " and for all such other, and further relief, both special and general, as to your honor may seem just and equitable in the premises," &c.

The defendant filed a general demurrer, which was overruled; and there was a verdict and judgment for the plaintiff for $206.77.

The plaintiff in error assigned for error, that the judgment of the court was erroneous and excessive; and two other grounds not essential to be stated.

*Thomas E. Sneed,* for the plaintiff in error.

*John T. Allen,* for the defendant in error.

WHEELER, C. J.—On the authority of Jennings v. Moss, 4 Texas Rep. 452, it must be held that the petition is insufficient, and that the court, therefore, erred in overruling the demurrer. It is an elementary principle in pleading, that the facts constituting the right or liability of a party, must be averred. But there is no averment that the defendant made or signed the note, or of any fact from which the legal inference of a liability on his part can be drawn.

It is to be observed, that the ruling of the court upon the demurrer, is not assigned as error. But the error is one which goes to the foundation of the action, and which, therefore, the omission to assign, cannot be deemed to have waived. The petition shows no cause of action, and the recovery, therefore, cannot be maintained, though the error is not assigned. (Salinas v. Wright, 11 Texas Rep. 577.) The judgment must be reversed, and the cause remanded for further proceedings.

                                   Reversed and remanded.