## J. J. PARR ET AL. v. T. J. NOLEN.

In his petition on a promissory note, the plaintiff alleged that the defendants were "indebted to him in the sum of $100, by promissory note made, executed, signed, and delivered to petitioner, for a valuable consideration." There being no direct averment that the defendants executed or delivered the note to the plaintiff, this court is constrained by former adjudications to hold the petition to be insufficient to sustain the judgment by default rendered below; nor is the defect cured by annexing the note as part of the petition. (For the "statement," see Paschal's Dig., Note 537, pp. 349, 350.)

APPEAL from Lavaca.

[The *Reporter* has not received the record of this case, but the facts are clearly indicated in the opinion.]

MOORE, C. J.—The material averment in the petition in this case is, that the appellants were indebted to the petitioner, the appellee, "in the sum of $100, by promissory note, made, executed, signed, and delivered to petitioner for a valuable consideration." Although it may seem somewhat technical, under our liberal system of pleading, we are constrained by a number of decisions of this court to hold the petition insufficient to sustain the judgment by default. It will be observed that it is not alleged that the note was executed or delivered by the appellants. This omission has been expressly held not to be cured by making the note a part of the petition. (Fraizer v. Todd, 4 Tex., 461; Jennings v. Moss, Id., 452; Malone v. Craig, 22 Id., 609; Thigpen v. Munchie, 24 Id., 283; Sneed v. Moodie, Id., 160; Gray v. Osborne, Id., 158.)

Judgment reversed, and cause

REMANDED.