### H. F. DUNSON ET AL. v. NACOGDOCHES COUNTY.

Delivered November 25, 1896.

**1. Misjoinder of Actions Upon Official Bonds.**

Where a county sues upon a county judge's official bond, payable to the county treasurer (Rev. Stats., 1879, art. 1134) for fees in criminal cases wrongfully claimed and received, and also upon his bond with different sureties payable to the Commissioners Court (Act of 1884) for an excess of commissions upon school monies disbursed, there is a misjoinder of causes of action.

**2. Same—Plaintiff's Right of Election.**

Upon the sustaining of exceptions because of the misjoinder of causes of action, the suit does not abate, but plaintiff may amend and elect upon which cause of action he will proceed.

**3. Disqualification of County Judge—Interest in Fees.**

A county judge is disqualified from trying a suit by the county against his predecessor in office, where the issue is whether or not the defendant, as county judge, is entitled under the law to claim a certain character of official fees; but not where the issue is as to the failure of the defendant to duly pay over certain fees collected by him.

**4. Official Bond—Liability of Sureties.**

Sureties upon the official bond of a county judge are not liable for monies collected by him after the qualification of his successor. ·

**5. Same—Breach of Bond—Failure to Pay Over Money.**

Failure of a county judge to duly pay over money officially received by him within thirty days after it comes into his hands, is a breach of his official bond.

**6. Action Upon Official Bond—Settlement With Commissioners Court.**

An allowance to the county judge by the Commissioners Court, from time to time, and in satisfaction of his accounts therefor, of certain monies for fees in criminal cases, illegally claimed by him, is not a settlement such as will estop the county from recovering monies.

**7. Evidence—Pleadings as Admissions.**

Where a plea has been stricken out, it can not be used in evidence as an admission against the pleader.

APPEAL from the County Court of Nacogdoches. Tried below before Hon. J. M. L. PIRTLE.

*Branch & Garrison,* for appellants.

[No brief for appellee reached the Reporter.]

JAMES, CHIEF JUSTICE.—Appellant Dunson was county judge of Nacogdoches County for the term ending November, 1894. He gave a bond payable to the county treasurer, as provided by article 1134, Revised Statutes, and also a bond payable to the County Commissioners Court, as provided in the Act of 1884. This latter bond related to school matters only. The petition alleged that he had during his term of office collected from the county a sum for judge's fees in criminal cases in excess of what the law allowed him, and that after his term, he had collected for school moneys disbursed, moneys that he was not entitled to because the actual disbursement took place after his term had ex-

pired.   There were different sureties on the bonds, and Dunson and the sureties on both bonds were made defendants to this suit, and recovery asked for the aggregate claimed in respect to both matters against Dunson and for the respective amounts against each set of sureties.

Special exceptions were urged against joining the separate matters and separate bonds in one proceeding, which exceptions were overruled. They should have been sustained.   Screwmen v. Smith, 70 Texas, 171; Oglesby's Sureties v. State, 73 Texas, 660.

It does not follow that the action would have abated or the suit dismissed, upon the sustaining of such demurrer.   Plaintiff could have amended, and elected upon which of the bonds he would proceed to trial.   The judgment will have to be reversed and the cause remanded to enable plaintiff to exercise its right to amend and elect, if it desires to do so.   In view of the reversal it becomes necessary for us to notice the matters assigned as error, so far as it is probable they will arise on another trial.

For several reasons it is evident that if plaintiff amends, it will elect to proceed on the bond in reference to the fees for trial of criminal causes.   The other claim standing alone would be less than the jurisdiction of the court, and we are further of the opinion that a trial of that matter, if it resulted adversely to defendant, would practically decide that the county judge who tried this case would be entitled to the commissions, and he would therefore be disqualified, unless he had released the county from such claim on his part.

We think further, that, as the collections in respect to the school fund were made after Dunson went out of office, his bondsmen could not be held liable for this act.   We shall therefore not discuss this feature of the case further.

The other bond, that payable to the county treasurer, was conditioned that the principal should faithfully perform and discharge all the duties required of him by law as county judge, and pay over to the person or officer entitled to receive it all moneys that may come into his hands as county judge within thirty days after he shall have received the same.

We hold that a suit on such bond may be brought in the name of the county.   Rev. Stats., arts. 682, 683.   We also hold that moneys collected by the incumbent from the county during his term of office, as fees, in excess of what the law entitled him to, he would hold for the county as a trustee, and if not paid into the treasury within thirty days from the time he received the same, it would constitute a breach of the said bond.   We also hold that his bondsmen would not be liable for any such collection made after the qualification of his successor in office. The judge was clearly not disqualified to try this branch of the case.

In reference to the plea of settlement with the County Commissioners Court, it is enough to say that the plea, so far as concerns the fees for criminal cases, does not allege a settlement.   It sets forth that Dunson did at various dates present his accounts for services as county judge in trying criminal cases, to-wit:   February Term, 1893,—$60; May Term,

1893,—$78; August Term, 1893,—$90; November Term, 1893,—$27; February Term, 1894,—$165; May Term, 1894,—$45; August Term, 1894,—$69; November Term, 1894,—$51; and that at each term all matters relating to said services were fully considered by and between this defendant and the Commissioners Court, and that said last named sum was allowed this defendant as a balance due him for said services after a full consideration of the claim as presented, and said settlement was a full, complete and final settlement of all matters due this defendant for such services. All that appears from these averments is that he had been paid at divers times during his term of office the various accounts, and that the last account of $51 was paid upon a full consideration of its merits. It does not appear from the plea that any question was raised or considered in reference to the accounts that had already been paid. The plea does not involve a settlement, and was properly stricken out. In reference to this portion of the case, we will say that the last item collected, if collected after Dunson went out of office, cannot be charged to his sureties, nor can any estoppel or settlement be predicated upon the other items by the mere fact that they were allowed by the Commissioners Court.

The plea that was stricken out should not have been admitted in evidence as an admission against defendants. Medlin v. Wilkins, 1 Texas Civ. App., 465.

*Reversed and remanded.*