PANHANDLE TELEPHONE & TELEGRAPH CO. v. CITY OF AMARILLO.

(Court of Civil Appeals of Texas. Amarillo. Dec. 23, 1911.)[1]

1. PLEADING (§ 311*)—EXHIBITS—EFFECT.

An exhibit which constitutes a part of a petition, and which is attached to it for that purpose, may be referred to in aid and explanation of the petition on the subject-matter of the exhibit, but an exhibit does not relieve the pleader from making the proper allegations of which the exhibit may be the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 945; Dec. Dig. § 311.*]

[1] This appeal was tried before a special court consisting of Hon. A. B. Martin, Special Chief Justice, and Hon. B. M. Baker and Hon. R. A. Sowder, Special Associate Justices, who were appointed by the Governor; the regular judges being disqualified.

2. MUNICIPAL CORPORATIONS (§ 122*)—ORDINANCES—PLEADING—SUFFICIENCY.

Where the petition in a suit by a city to enjoin a telephone company from increasing its rates makes the original and amended ordinances granting a franchise to the company parts of it, and such ordinances are attached to the petition, the petition is sufficient to call to its aid such ordinances in determining the right of the city to relief.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. § 122.*]

3. TELEGRAPHS AND TELEPHONES (§ 33*)—FRANCHISE — RIGHTS ACQUIRED — "TELEPHONE"—"EXTENSION TELEPHONE."

A franchise to a telephone company which fixes the rates for business and office use, for residence, for party line residence service, business extension telephones, and residence extension telephones, and which provides that at such time as the exchange of the company shall have in operation a specified number of telephones in the city it may increase the rates, does not contemplate in counting the telephones that business extension telephones or residence extension telephones shall be counted as telephones, for a "telephone," when technically defined, means only the instrument itself, but, when considered with reference to the use to be made of it, it must be accompanied with the necessary apparatus for the reception and transmission of messages, and an "extension telephone" is an instrument consisting of bell, receiver, and transmitter connected with a telephone which appears numbered on the list, and is used solely through such numbered instrument without any independent connection with the switchboard.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 8, pp. 6897–6898, 7813.]

Appeal from District Court, Potter County; F. P. Greever, Judge.

Action by the City of Amarillo against the Panhandle Telephone & Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Cooper, Merrill & Lumpkin, for appellant. E. T. Miller and W. E. Gee, for appellee.

BAKER, Special Judge. This appeal questions the correctness of the judgment of the judge of the Thirty-First judicial district, restraining the Panhandle Telephone & Telegraph Company from increasing the rates for the use of its telephones installed in the city of Amarillo. The appellant concedes that if on the date of the issuance of the injunction writ it had not in operation in the city of Amarillo as many as 1,500 telephones, and that fact is sufficiently pleaded in appellee's petition for injunction, the action of the district judge in granting the injunction should be sustained by this court, but insists that the petition for injunction is insufficient to support that contention. In this connection it is stated in appellant's brief or written argument, which we are inclined to regard as being in the nature of an assignment of errors, that: "We concede that the city has the right to maintain this suit,

and that, if the appellant has not 1,500 telephones in operation within the city limits of the city of Amarillo, the judgment of the lower court should be affirmed. And, if under a proper construction of the contract between appellant and appellee the appellant has 1,500 telephones in operation, the judgment of the lower court should be reversed and remanded." Again, it is stated: "The only question for the determination of this court being the sufficiency of the allegations of the petition to show that the appellant has not 1,500 telephones in operation within the city limits of the city of Amarillo, and under the authorities hereinafter cited, we think the rule to be quite clear that all doubt with regard to the sufficiency of such allegations will be resolved against the pleader," etc. The petition alleges that, counting all the telephones—business extensions, residence extensions, and other telephones—the appellant had in operation 1,613 telephones, and then declares that to make up this number 81 business extensions, 16 residence extensions, 9 private telephones, 94 telephones outside of the city, 106 telephones in the Amarillo hotel, operated through an independent exchange board, and 27 list subscribers (subscribers to telephones, 2 or more of which may use the same telephone, and have their names printed in the directory under the same phone number), must be included. The petition then attacks the phone outside of the city, the private phones, the list subscribers, the phones operated in the Amarillo Hotel, and both the business and the residence extensions.

Referring to the 81 business and the 16 residence extension telephones, the petition alleges that they were not to be counted in estimating the number of telephones necessary for appellant to have in order to entitle it to increase its rates for service, and that such extensions were not contemplated by the parties to the franchise as capable of being counted for that purpose. Copies of the original ordinance and the ordinance amending it of the city of Amarillo granting the franchise are attached to the petition, and made parts of it. So far as it relates to rates, the last ordinance is as follows: "H. H. Davenport & Company, their successors or assigns, shall be permitted to charge not to exceed the following rates for telephone service: For business and office use $3.00 per month; for residence $1.75 per month; for two party residence $1.50 per month; for four party line residence service, selective ring (that is, only the bell of the party called will ring) $1.25 per month; business extension telephones, $1.00 per month, for each extension; residence extension telephones 50 cents per month for each extension, provided however that at such time (as) said exchange shall have in operation 1,500 telephones in said city of Amarillo, the said grantees may increase the rentals of said telephones an additional 25 cents per month for each phone, and for each additional 500 phones in excess thereof 25 cents per month, but there shall be no increase in phone rental after said grantees shall have installed 4,000 telephones in said city of Amarillo." In respect to the rates permitted to be made, there is no difference in the ordinance above quoted and the original ordinance it amends, that would affect the point at issue.

[1] Under rule 19 of the rules to be observed by the district courts an exhibit does not relieve the pleader from making the proper allegations of which the exhibit may be the evidence. But an exhibit constituting a part of the petition and attached to it for that purpose may be referred to in aid and explanation of the allegations in the petition on the subject-matter of the exhibit. This we believe to be the construction given the rule by several cases, among them Wynne v. State National Bank of Ft. Worth, 82 Tex. 378, 17 S. W. 918.

[2] We believe that on the subject of the franchise granted appellant by the city of Amarillo, with its limitation of the rates to be charged patrons for telephone service and the conditions under which the telephone company would be authorized to increase those rates, appellee's petition is sufficient to call to its aid the original ordinance and the ordinance amending it, both of which as has been said are set out as exhibits.

[3] The petition specifically alleges that business extension telephones and residence extension telephones were not in contemplation of the parties to the franchise to be counted as telephones in estimating the number the telephone company would be required to have installed before it would be authorized to increase rates for service. This allegation makes it necessary that we construe the ordinances granting the franchise. A telephone, it is true, when technically defined, means only the instrument itself, but, when considered with reference to the use to be made of it, it must be accompanied with all the necessary apparatus for the reception and transmission of messages. An "extension telephone" is an instrument consisting of bell, receiver, and transmitter, connected with the telephone which appears numbered on the list, and is used solely through such numbered instrument, having no independent connection with the switchboard by distinctive ring or otherwise. An extension telephone is placed as a rule in the same room with the main phone, or perhaps in another room of the same business concern, to serve as a convenience to the several persons engaged in the same business. Can it be said that the parties to this franchise had such an instrument in contemplation when the franchise was granted and accepted involving the right to increase service rates on telephones when a certain number of telephones had been in-

stalled? We do not think so, and we think this view deducible from the language of the city ordinance as amended. Deducting the 94 telephones outside the city of Amarillo, about which there is no longer any controversy, and the 81 business extension and 16 residence extension phones from the number of telephones appellant had installed when the injunction was granted, we find that there were not 1,500 telephones in operation in the city of Amarillo at the time appellee charges appellant with intending to increase rates for service. This being true, we hold that appellant was not authorized to increase rates for service, and therefore the action of the district judge in granting the writ of injunction was proper and that his order ought to be sustained, and we accordingly direct the proper judgment to that effect. It is not necessary that this court should express any view concerning the telephones in the Amarillo Hotel and the other telephones mentioned in the petition for injunction.

Nor do we pass upon the right of the city of Amarillo to maintain the action, nor upon the validity of the two city ordinances, which upon their acceptance by the telephone company appear to have constituted a contract between the city and the company, based upon a sufficient consideration; for appellant has conceded that those questions should be determined in favor of the appellee.

SOWDER, Special Judge. For the reason that appellant has conceded that the city has the right to maintain this suit, in effect admitting the validity of the ordinance regulating the rates, I agree to the foregoing opinion.