INTERNATIONAL ORDER OF TWELVE KNIGHTS & DAUGHTERS OF TABOR v. DENMAN.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1913. On Rehearing, Nov. 13, 1913.)

1. TRIAL (§ 192*)—JURY QUESTIONS.

In an action on an insurance policy, where the actual issuance of a policy was not controverted, the court properly assumed it as a fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

2. INSURANCE (§ 668*)—JURY QUESTIONS.

In an action on a life policy, where it was a question of fact whether the policy in the record was the one issued, the question was properly submitted to the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by A. L. Denman against the International Order of Twelve Knights and Daughters of Tabor. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

Fred R. Switzer, of Houston, for appellant. Jackson & Dickson, of Houston, for appellee.

HIGGINS, J. This is a suit by appellee upon an insurance policy issued by appellant upon the life of Pinkie Denman, deceased. It was alleged that the policy was payable to appellee and Milton Hollins. Upon trial, the court submitted to the jury for its determination the issue of whether or not appellee was named as one of the beneficiaries in the policy and authorized a finding in his favor if the jury so believed. What purports to be the written policy issued appears in the record, and it does not appear therefrom that appellee was named as one of the beneficiaries; the policy, upon its face, showing that Jack Brandon, guardian of Milton Hollins, was the beneficiary. Whether or not the policy appearing in the record was the one actually issued by appellant is an issue of fact under the evidence presented upon the trial.

[1] The first assignment complains of the submission by the court of the issue of whether or not a policy had been issued and delivered. That a policy was issued and delivered was not a controverted issue, and the court properly assumed that it had been issued and delivered as a proven fact. This question is an issue quite apart from that of whether or not appellee was named in the policy as a beneficiary.

The second assignment presents the same question, and further discussion thereof is pretermitted.

[2] The evidence raises an issue of whether or not the policy appearing in the record was the one actually issued, upon which the suit is based, and the third assignment is therefore overruled.

The fourth assignment is without merit and is overruled.

Upon general demurrer the petition is good against the objection urged in the fifth assignment, and it likewise is overruled.

We find a number of errors committed in the trial of this case, none, however, of a fundamental nature; and, since the errors assigned and here urged are without merit, the judgment is affirmed.

On Rehearing.

Upon consideration of the authorities cited in appellant's motion for a rehearing, we have reached the conclusion that the petition of the appellee is subject to a general demurrer. Jennings v. Moss, 4 Tex. 452; Frazier v. Todd, 4 Tex. 461; Parr v. Nolen, 28 Tex. 798; Gray v. Osborne, 24 Tex. 159, 76 Am. Dec. 99.

The motion for rehearing is therefore granted, and the cause reversed and remanded.