## ANGIER v. BALSER et al.
### No. 7773.

Court of Civil Appeals of Texas. Austin.
March 9, 1932.

Rehearing Denied March 30, 1932.

Douglas & Black, of San Antonio, for appellant.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for appellees.

BLAIR, J.

Appellees, the county judge and the county commissioners comprising the commissioners' court of Kendall county, Tex., acting as the duly authorized agency of the state of Texas, instituted this proceeding to temporarily restrain appellant from interfering in any manner with the state of Texas and appellees in surveying and constructing a state highway across appellant's land. Appellant answered, resisting the restraining order, and himself prayed for an order restraining appellees from surveying and constructing the highway, because of certain alleged irregularities in the condemnation proceedings under which the state and appellees had taken possession of the land. The temporary injunction prayed for by appellees was granted, but the restraining order prayed for by appellant was denied; hence this appeal.

We do not sustain the first proposition of appellant, to the effect that since appellees did not specifically deny his allegations that the taking of a right of way in excess of 100 feet in width was a subterfuge to use the extra width for road material purposes without just compensation therefor, the allegations must be regarded as true in this temporary injunction proceeding. Appellees instituted the proceeding, alleging under oath the facts with respect to, and asserting the legality of, the condemnation proceedings under which they had taken possession of the land, and the threatened acts of appellant interfering with the uses and purposes for which the land had been condemned. Appellant's above pleadings were merely in answer to and in the nature of a denial of appellee's sworn pleadings praying for the restraining order; and it was therefore not necessary for appellees to again assert the truthfulness of their pleadings. It may also be stated in this connection that the land

condemned and taken possession of by appellees was for a width of 100 feet for a length of 168 feet; then 150 feet wide for 225 feet; then 200 feet wide for 175 feet; then 100 feet wide for 700 feet; then 200 feet wide for 845 feet. The undisputed evidence showed the land to be rough and low where the highway crossed a creek, necessitating a high fill to be made, and that for this reason the extra width taken was necessary for right of way purposes.

▌Nor do we sustain the second proposition of appellant to the effect that, since the right of way taken exceeded 100 feet in width, the condemnation proceedings were illegal, because violative of subdivision 1 of article 6704, R. S. 1925, as amended by chapter 197, § 1, Acts 1929 (Vernon's Ann. Civ. St. art. 6704, subd. 1), which provides that commissioners' courts shall establish in their respective counties first-class public roads, "not less than forty feet nor more than one hundred feet wide." Manifestly this statute has application only when a commissioners' court is acting in its capacity as administrator of county affairs, and in establishing a first-class county road. In the condemnation proceedings in question in the instant case, the commissioners' court was not establishing a first-class county road as an affair of the county, but was acting as the duly authorized agency of the state of Texas under the terms of more recent legislation. That is, by amendment to chapter 10, § 1, Acts of the 41st Legislature (1929), Third Called Session, and the further amendment by chapter 79, § 1, Acts of the 41st Legislature (1930), Fifth Called Session, both of which acts are now incorporated in article 6674n (Vernon's Ann. Civ. St.), the state of Texas has the right to acquire by condemnation proceedings any land necessary for right of way purposes, or convenient to any road to be constructed, reconstructed, maintained, widened, straightened, or lengthened. These acts also authorize the commissioners' court of any county, upon request of the state highway commission, to secure, by purchase or condemnation on behalf of the state of Texas, any new or wider right of way to be used in the construction, reconstruction, or maintenance of state highways. Under this legislation, there is no limitation upon the power of the state to purchase or condemn land for state highway purposes, except that the land be necessary or convenient to the highway to be constructed, reconstructed, straightened, widened, maintained, or lengthened. Nor does this legislation place any limitation upon the judgment or discretion of the state highway commission to acquire by purchase or condemnation any lands needed for the foregoing purposes.

The evidence is undisputed that the state highway commission duly requested appellees to institute the condemnation proceedings here involved. That the highway to be constructed across appellant's land had been duly designated as a state highway, and that appellees instituted the condemnation proceedings in the name of and as the agency for the state of Texas, is undisputable from the language of the petition, which reads: "Now comes the State of Texas, acting herein by and through the Commissioners' Court of Kendall County, Texas." The evidence is not controverted in this proceeding that a right of way of more than 100 feet across appellant's land is convenient for the construction of the state highway in question; nor that the extra width is necessary in order to properly care for the drainage so that the roadbed or fill might not be damaged by surface waters.

In this connection we think the case of Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475, cited by appellant in support of his second proposition, is not in point, because it construes article 6704, before its amendment in 1929, to authorize a commissioners' court to establish a first-class county road not to exceed 60 feet in width. The 1929 amendment merely increased the width of such a road to 100 feet. However, as hereinabove stated, the commissioners' court in the instant case was not acting under authority of that statute, but was acting under the more recent legislation on behalf of the state of Texas.

▌Nor do we sustain appellant's third and fourth propositions to the effect that appellees' possession of the land condemned is unlawful, because they failed to deposit in court "in money" the amount of damages awarded appellant by the special commissioners, and to deposit a bond in double the amount of such damages, as required by subdivision 2 of article 3268, R. S. 1925. The proceedings to condemn were instituted by appellees as the duly authorized agency of the state; the petition alleging that: "Now comes the State of Texas, acting herein by and through the Commissioners' Court of Kendall County, Texas." Subdivision 2 of article 3268 was amended in 1930, Acts 41st Legislature, Fourth Called Session, c. 37, § 1 (Vernon's Ann. Civ. St. art. 3268, subd. 2), by adding thereto the following: "The State, a County or Municipal Corporation shall not be required to deposit a bond or the amount equal to the award of damages by the Commissioners as provided in Section 2 hereof." City of Houston v. Susholtz (Tex. Civ. App.) 22 S.W.(2d) 537.

Nor do we sustain appellant's fifth proposition that the judgment in the condemnation proceeding is erroneous, because the damages due each owner of an interest in the land condemned were not awarded separately, but by a general award in a lump sum to the several owners or claimants. The special commission-

ers awarded $272.80 damages to or compensation for the land taken, and appellees deposited in court the registered warrant of Kendall county for that amount, payable to appellant and Maria Lujan, guardian of the estate of Paulina Rodriquez, a minor, who held a mortgage lien on the land, and was for that reason made a party defendant in the condemnation suit. On the trial of this injunction suit, appellees tendered appellant the $272.80 in money, and, upon his refusal to accept it, deposited same with the clerk of the district court, who is also clerk of the county court in which the condemnation proceeding is pending; an appeal having been taken in that proceeding.

The general rule is that, "ordinarily each owner of an interest in land that is sought to be condemned is entitled to have the amount of damages accruing to him awarded to him separately." 16 Tex. Jur. 770, § 148; City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046. But there are well-established exceptions to this general rule. One exception is that the general rule "cannot apply to a case wherein the adjudication of a court of competent jurisdiction will be required to determine the respective interests of the different owners." 16 Tex. Jur. 770, § 148; Walswith v. San Antonio & A. P. Ry. Co. (Tex. Civ. App.) 10 S.W.(2d) 194; Rabb v. La Feria Mut. Canal Co., 62 Tex. Civ. App. 24, 130 S. W. 916 (writ of error refused). Another exception to the general rule is that: "Where the Commissioners are unable to determine the amount of the award that should go to the different owners, * * * the requirements of the statutes are sufficiently met by a general award in a lump sum to the several owners or claimants of the land." 16 Tex. Jur. 770–771, § 148. See, also, Davidson v. Texas & N. O. Ry. Co., 29 Tex. Civ. App. 54, 67 S. W. 1093.

The evidence showed that both appellant and the lienholder claimed all damages accruing to the land; that the commissioners were unable to get them to agree upon a division among themselves of the damages; and that the commissioners were unable to determine the respective interests of appellant and the mortgage lienholder in the land condemned. Manifestly it will require a court of competent jurisdiction to determine the respective interests of appellant and the mortgage lienholder in the land, and in consequence their respective interests in the damages awarded, unless they agree upon a division of the damages. And although the recent amendments to the statutes exempt the state, counties, or municipalities from filing a bond and depositing the amount of damages awarded in court as a condition precedent to taking possession of the land pending an appeal in condemnation proceedings, appellees nevertheless met all statutory requirements by depositing the registered county warrant, and later the amount of the damages awarded

in money in the registry of the court; and appellees may therefore await a judicial determination of the respective interests of defendants in the land, having fully discharged the general statutory requirements and conditions precedent to possession imposed by law in such cases.

Nor do we sustain appellant's sixth proposition that the award and judgment based thereon should be set aside because the county judge in appointing commissioners to award damages arbitrarily ignored the terms of subdivision 2 of article 3264, R. S. 1925, which provides that, in appointing commissioners, the county judge shall give preference to those agreed upon by the parties. While it is true this statute provides that in appointing commissioners preference shall be given to those agreed upon by the parties, still the statutes covering the matter of appointment do not make the power of appointment dependent upon an agreement as to the personnel of the Commission between the parties. 16 Tex. Jur. 750, 751, § 130. There is nothing in this record to show that the parties at interest in the condemnation proceeding made any agreement as to commissioners; nor did they request the appointment of any particular commissioner or commissioners. There is nothing in this record which shows that appellant made any motion upon any tangible basis to set aside the appointments made by the county judge. Under such state of the record, our view of the meaning of the statute is stated in the case of City of Dallas v. Crawford (Tex. Civ. App.) 222 S. W. 305, 307, 9 A. L. R. 1367, as follows: "We do not think the appointment of the commission invalid because there was no agreement between the parties as to the commissioners. The county judge appears, under article 6508, R. C. S., to have the power to appoint three disinterested freeholders. [Citing cases.] If he so appointed the commissioners, such act would not be invalid. It is not our understanding of the statutes that it was essential to his power to appoint that an agreement between the parties upon the commissioners should first be had."

Nor do we sustain the seventh proposition of appellant that the award is invalid because joined in by only two of the three Commissioners appointed. Commissioner Arno Harz did not act in deference to the insistence of appellant that he was disqualified because related to the county judge who appointed him. This commissioner's wife was a first cousin of the wife of the county judge; therefore no relationship existed between this commissioner and the county judge who appointed him. Seabrook v. First Nat. Bank of Pt. Lavaca (Tex. Civ. App.) 171 S. W. 247.

The award of the commission recites: "And we further report that Commissioner Arno

Harz did not act, due to the issue of disqualification raised by the defendant, and did not sit in this cause."

■ Appellant did not, as he had the right to do, file with the county judge direct his objections to the appointment of Harz, and did not request the county judge to appoint another in lieu of .Harz, but addressed his objections to and filed them with the board of commissioners; and Harz did not act in deference to the objections. We therefore conclude that, since appellant's objections to the commissioner was unfounded, and since he declined to act out of deference to such objection, and since no objections were filed with the county judge and no request made to him to appoint a third commissioner in lieu of Harz, and since appellant proceeded with the hearing before the two remaining commissioners, the two remaining commissioners were sufficient to constitute a valid board, and the award concurred in by both commissioners is valid. See Gulf, C. & S. F. Ry. Co. v. Ft. W. & R. G. Ry. Co., 86 Tex. 537, 26 S. W. 54; 16 Tex. Jur. 750, § 131.

In this connection it may be regarded as settled law that two of the three commissioners required to be appointed in condemnation proceedings may award damages, by the case of Missouri, K. & T. Ry. Co. v. Rockwall County, etc., District (Tex. Civ. App.) 266 S. W. 163, 165, where three commissioners were present, but only two concurred in the award. The court held, as follows: "We hold that the decision of two of the commissioners awarding $600 was in conformity with law and is a valid assessment."

In Id., 117 Tex. 34, 297 S. W. 206, 209, the above holding was approved by the Supreme Court, as follows: "We fully agree with the Court of Civil Appeals that the decision of the commissioners, appointed to assess the damages sustained by plaintiff in error, was valid though not unanimous."

Nor do we sustain appellant's eighth proposition that appellee Maurice L. Lehmann, as county judge of Kendall county, is and was disqualified from acting in the condemnation proceeding because he was a party thereto, and should not have acted therein by appointing a committee to negotiate for the purchase of the land and by appointing the board of commissioners to award damages. In this connection appellant makes the statement that while the county judge had no personal interest in the proceeding, still he was an active and acting party, and not merely nominal, because he exercised discretion in determining the route and extent of the proposed right of way, and passed upon the question of compensation to the owner of the land.

Just how the county judge exercised discretion in determining the route or extent of the proposed right of way is not shown in this record, other than probably personally interesting himself in securing the state highway through his county. The record discloses that with respect to appellant's land he merely appointed a committee to negotiate with appellant for the purchase of the land; and, upon the failure of the committee to agree with appellant as to compensation, appointed the board of commissioners to award damages as required by the condemnation statutes under which he was acting. The county judge neither advised the board of commissioners as to any of its functions, nor did he pass upon the damages awarded by the board, but merely received its award, and filed same as required by statute. Appellant then removed the proceeding to the county court of Kendall county, under subdivision 6 of article 3266, which provides that: "If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

■ This is the statutory procedure provided for when the commissioners' court undertakes to condemn land for county road purposes, and we find no case which holds that the county judge is disqualified to sit where the cause is removed to the county court, even in cases where the county seeks to condemn the land. Manifestly the degree of interest of the county judge was further removed in this case, where he and the commissioners' court were acting upon the request and merely as the agency of the state of Texas in condemning land for state highway purposes under provision of the recent legislation now incorporated in article 6674n. We therefore conclude that since the county judge was merely a nominal party to the condemnation proceeding, the state of Texas being the real party at interest, he is not disqualified to try and determine the cause as in other civil causes in the county court.

The question is ruled by the principle announced in the early cases of Clack v. Taylor County, 3 Willson, Civ. Cas. Ct. App. § 201, and McInnes v. Wallace, County Judge (Tex. Civ. App.) 44 S. W. 537. In the Clack Case, the commissioners' court of Taylor county paid Clack $300 damages for land taken for road purposes. It was discovered later that Clack did not own the land, and the county was compelled to pay the true owner. The county judge of Taylor county advised the commissioners' court that the county ought to recover the amount wrongfully paid Clack. The county judge was sought to be disqualified on the ground that he was the presiding officer of the commissioners' court, and was the person with whom the negotiations looking to collecting the amount paid Clack had been

conducted. It was held that the county judge was not disqualified to try the case.

In the McInnes v. Wallace Case, Wallace, as county judge, sued McInnes for the use and benefit of Atascosa county on a supersedeas bond, payable to Wallace as county judge. The court, held in an opinion written by Judge Neill, as follows: "The Judge who tried this case had no interest in it of a pecuniary nature. The county for whose benefit it was brought and judgment recovered was the real party at interest, the judge being only a nominal party; and we cannot ingraft upon our constitution or statutes, as a disqualification of a judge, that he is a nominal party."

See, also, City of Dallas v. Peacock, 89 Tex. 59, 33 S. W. 220; Burrell v. State (Tex. Cr. App.) 65 S. W. 914; Grady v. Rogan, 2 Willson Civ. Cas. Ct. App. § 259; Peters v. Duke, 1 White & W. Civ. Cas. Ct. App. § 304; Clark v. State, 23 Tex. App. 260, 5 S. W. 115, and Dunson v. Nacogdoches County, 15 Tex. Civ. App. 9, 37 S. W. 978.

We affirm the judgment of the trial court.

Affirmed.