## DURHAM et ux. v. FOUST.

### No. 1166.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1933.

1028

Oxford & McMillan, of Stephenville, for appellants.

C. G. Foust, of Dublin, for appellee.

FUNDERBURK, Justice.

From a judgment for $370 with interest, and awarding foreclosure of a materialman's lien on certain described lands, recovered by C. G. Foust, as plaintiff, in a suit against E. E. Durham and wife, as defendants, the latter have appealed.

Appellants contend that the suit is upon an open account, and a number of assignments are dependent upon whether that is the correct interpretation of the plaintiff's petition. Appellee insists that the suit is upon a note and written contract. We are inclined to agree with the appellee that his purpose was to allege a cause of action based upon the note and a written contract of which the note was a part.

■ We sustain appellants' assignment by which it is contended that appellee's petition was subject to general demurrer. Neither the provisions of the note nor of the contract were alleged. The facts alleged, if admitted, would not enable the court to render any judgment for the plaintiff. The amount of the note is not alleged; neither is its due date. The lien is not described, nor is the land upon which same is claimed. These important requisites in the statement of a cause of action were attempted to be supplied by exhibits connected with the petition, but they are not referred to in the petition as exhibits. Of the only exhibits referred to in the petition, being A and B, and both described as something other than the note and contract, only Exhibit A is identified, and it apparently has no reference to the note and contract.

■■ But if the note and contract had been set out as an exhibit to the pleading and proper reference made to same, then it is a correct proposition to say that such an exhibit cannot be made to supply the omission of the allegation of necessary facts. District court rule 19 (142 S. W. xviii); Wynne v. State National Bank, 82 Tex. 378, 17 S. W. 918; Macdonell v. I. & G. N. Ry. Co., 60 Tex. 590; Pool v. Sanford, 52 Tex. 621; Burks v. Watson, 48 Tex. 109; Owen v. City of Eastland (Tex. Civ. App.) 37 S.W.(2d) 1053; Broocks v. State (Tex. Civ. App.) 41 S.W.(2d) 714; Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944; Port Huron Engine Co. v. McGregor, 103 Tex. 529, 131 S. W. 398; Miles v. Mays (Tex. App.) 16 S. W. 540; Borden v. City of Houston, 26 Tex. Civ. App. 29, 62 S. W. 426; Elliott v. Ferguson, 37 Tex. Civ. App. 40, 83 S. W. 56; Dorrance & Co. v. I. & G. N. Ry. Co., 53 Tex. Civ. App. 460, 126 S. W. 694; Mecca Fire Ins. Co. v. Campbell (Tex. Civ. App.) 145 S. W. 630; Panhandle Telephone & Telegraph Co. v. City of Amarillo (Tex. Civ. App.) 142 S. W. 638. Exhibit A that was set out and referred to in the petition, and being in form an account, was under said district court rule 19 not proper to be set out as an exhibit, if, as appellants contend and we agree, the suit was not upon the account.

■ If the petition did not sufficiently show the right of appellee to sue upon a note and contract made to C. G. Foust, Jr., in that it only alleged that plaintiff was "the legal and

equitable owner and holder" thereof, we are inclined to the view that the special exception directed at that defect would not sufficiently point out same. It did not apprise the court that the pleader desired to have the facts alleged to support the conclusion that he was such legal owner and holder. We do not hold, however, that the allegation that he was the "holder and owner" was subject to exception, at least as regards the note. See Rev. St. 1925, art. 5948.

■■ We also sustain the assignment that the evidence was insufficient to support the judgment. Appellee developed his essential testimony with reference to a written statement or memoranda not in evidence. The result was that no facts were in evidence sufficient to enable the court to determine the amount of the judgment, if any, to be rendered. We do not hold that the account, statement, or memoranda had to be introduced in evidence. It could not have been, except to explain the testimony of the witness. Had the witness testified to the amounts, dates, etc., as evidently was shown in the memoranda, then it would have been unnecessary that the memoranda be introduced.

■ We are of the opinion that the debt sued on was not barred by limitation. The note for $350 dated March 3, 1927, was due as follows: $125 on January 1, 1928; $125 on October 1, 1928; and $100 on July 1, 1929. The contract provided that the amount stated in the note was an estimate of the price of lumber and materials mentioned in the materialman's lien, and that "if we (that is, the appellants) shall purchase material which shall amount to more than the amount stated herein for improvements on said land, then and in such event this obligation shall be good, and shall create and fix a lien on said property for the full amount hereafter purchased." Appellee contends that 'the total amount of the debt did exceed $350 by the sum of $54.95. No due date was agreed upon for that portion of the entire debt in excess of the amount of the note. It was therefore due, we think, when the lumber and materials were delivered, which was admittedly not later than December 1, 1927. Limitation began to run from the time of delivery. That part of the debt, if not paid, would be barred December 1, 1931. The four-year statute would apply, we think, because a suit therefor would be upon the written contract. We take it that the crediting of payments on the back of the contract, while showing a specific application to the contract, does not show an application to the note any more than to that part of the debt in excess of the note. The latter being due first, in the absence of a showing of an agreed application to the contrary, the law would make the application to that portion of the debt first maturing; that is to say, to the excess over the $350. Sullivan v. City of Galveston (Tex. Com. App.) 34 S.W.(2d) 808; Maryland Casualty Co. v. Willig (Tex. Civ. App.) 10 S.W.(2d) 415. The payments amounted to $268, and, if so applied, discharged not only the excess, but also the first installment of the note, due January 1, 1928, with a substantial credit on the second installment.

On August 21, 1931 (Acts 1931, c. 136 [Vernon's Ann. Civ. St. art. 5520]), an amendment to R. S. 1925, art. 5520, became effective, by which as to all installments of the note not then barred by limitation the bar of limitation would not become complete until more than four years after the due date of the last installment. Although the record does not show the date of the institution of the suit, there is evidence that it was pending as early as May 24, 1932. It is therefore apparent that any balance due upon the note would not be barred by limitation.

Because of the errors mentioned, we conclude that the judgment of the court below must be reversed and the cause remanded, which is accordingly so ordered.