## GRADY et ux. v. GLEN WALKER, COLLETT & RIGG.
### No. 12892.

Court of Civil Appeals of Texas. Fort Worth. Jan. 6, 1934.

Polk & Sansom, of Fort Worth, and Felix Atwood, of Ennis, for appellants.

Todd & Crowley, of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee sued appellants, husband and wife, alleging:

"That plaintiff is an insurance company and a partnership composed of the aforesaid members, with its office and place of business in Fort Worth, Tarrant County, Texas; that defendants, and each of them, are residents of Tarrant County, Texas.

"That heretofore, towit, on the 19th day of September, 1931, and on divers days before that time, plaintiff, at the special instance.and request of the defendant, W. R. Grady, wrote insurance on certain property, both real and personal, the same being either the community property of defendants' or the separate property of the defendant Paralee Grady, and issued and delivered to the defendants policies covering said property, at the several times specified in the account, said account being marked 'Exhibit A' and hereto annexed and made a part of this petition (such exhibit also setting out various credits allowed defendants on said account).

"That in consideration of the plaintiff's issuing such policies, the defendant W. R. Grady then and there promised to pay plaintiff, on demand, certain premiums in amounts set out in the account marked 'Exhibit A' and attached hereto; that plaintiff has often requested defendants to pay said sums of money, and that defendants have not paid such amounts, except such sums as are shown in 'Exhibit A' as having been paid and duly credited on defendants' account; that defendants have refused and still refuse to pay said account, to the plaintiff's damage in the amount of $594.62.

"Wherefore plaintiff prays that defendants be cited to answer this petition and that plaintiff have judgment for $594.62, as aforesaid, together with interest at the rate of six per cent per annum on each item set out in the account marked 'Exhibit A' from the time that each such item became due and payable, and for such other relief, general and special, in law and in equity, as to which plaintiff may be entitled."

The exhibit contained a tabulation headed as follows and contained lengthy hieroglyphics; a sample below quoted:

| "Date 1928 | Co. | No. | Location | Amount Credit | Debit |
|---|---|---|---|---|---|
| 10—14 | Queen | 1614 | Hhgs. 2102 | | |
| | | | 2102 Pembroke Dr. | 2,500 | 27.50 |
| 12—31 | Annie E. Foster Account | | | | 62.60" |

Even if the exhibit was sufficient to state definitely what is meant thereby, and we think it was not, the petition is insufficient, attempting as it does to embody fundamental allegations by reference to exhibits. See Durham v. Foust (Tex. Civ. App.) 64 S.W.(2d) 1027, and many cases there cited.

Certainly the allegations of the petition as to the community or separate character of the property insured would not support a judgment against each the husband and wife for all the premiums.

We do not pass on the serious question of whether a suit by a partnership can be thus pleaded.

The judgment of the trial court is reversed and the cause is remanded.