## GLASGOW et al. v. DE LAPP.

### No. 11017.

Court of Civil Appeals of Texas. Galveston.

Feb. 27, 1941.

Rehearing Denied March 27, 1941.

Cole, Patterson & Cole, of Houston (Robt. L. Cole, Sr., and J. W. McDaniel, both of Houston, of counsel), for appellants.

William Grimes, of Houston, for appellee.

GRAVES, Justice.

This appeal is from the following $1,-517.44 judgment in favor of the appellee against the appellants, entered by the 55th District Court of Harris County, after it had taken the cause from a jury at the close of evidence heard, to-wit:

"The court was of the opinion that there was no question of fact to be submitted to

the jury, but that the plaintiff was entitled to a deficiency judgment on the note sued on for principal, interest, and attorneys fees in the sum of Eight Hundred Thirty Three and 71/100 ($873.71) Dollars, and was further entitled to recover damages in the additional sum of Six Hundred Eighty Three and 73/100 ($683.73) Dollars for failure of the defendants to pay the taxes and assessments as contracted in the deed of trust set out in the pleadings, and discharged the jury and rendered such judgment for the plaintiff, and it is accordingly ordered, adjudged, and decreed that the plaintiff do have and recover of and from the said defendants, jointly and severally, the sum of Eight Hundred Thirty Three and 71/100 ($833.71) Dollars, with interest thereon at the rate of 10% per annum from date, and for the additional sum of Six Hundred Eighty Three and 73/100 ($683.73) Dollars, with interest thereon at the rate of 6% per annum from date, and her costs in this behalf expended, and that she have her execution.

"Entered July 26th, 1939."

The appellee, Mamie Kingman DeLapp, undertaking to declare upon a $500 note in her favor of the appellants, C. M. Glasgow and C. H. Waddell, went to trial upon her "first amended original petition", whereas the appellants in their brief thus describe the status their pleadings were then left in, as well as the circumstances under which the quoted-judgment was rendered: "At the conclusion the court having, by its rulings, deprived the defendants (appellants) of any defense on which to go to the jury, through excluding their second amended original answer, and sustaining a general demurrer to their trial amendment, put the case to trial before the jury purely on the issue of limitations as the only issue surviving to defendants under their first supplemental answer filed July 17, 1939, and thereupon excluded all evidence offered or attempted to be offered by defendants on said question of limitations, and took the case from the jury and rendered judgment on July 26, 1939, against defendants as on a default judgment, as expressed by the Court, for a deficiency judgment on the note in the sum of $833.71, and for all the taxes, penalties, and interest in the sum of $683.73, making a total of $1,517.44."

Ad limine to a mass of procedural entanglements, appellants, as their first structural ground for a reversal, contend that this trial-petition of the appellee was vulnerable to their general demurrer interposed against it, which, they insist, should have been sustained.

This presentment is held to be well taken. The sole counts of the petition undertaking to state a cause of action upon the claimed note were these:

"I. On December 30, 1931, plaintiff loaned to the defendants five hundred ($500.00) dollars and took their note for same, which is as follows:

" '$500.00 Houston, Texas, December 30th, A. D. 1931.

" 'On or before three (3) years after date, I, we, or either of us, the undersigned, promise to pay Mamie Kingman DeLapp, or order, the sum of Five Hundred and no/100 Dollars with interest thereon from date until maturity at the rate of 8% per centem per annum, the interest payable annually as it accrues, both principal and interest payable at Houston, Texas, for value received.

" 'This note, to the extent of the amount herein mentioned, represents money this day borrowed by us from the said Mamie Kingman DeLapp and, to secure the credit thus extended we have this day, by our certain deed of trust, conveyed to F. L. Tiller, trustee, the following lot or parcel of land:

" 'Block 40 and 41, N. T. Masterson Subdivision, Cameron County, Texas.

" 'The indebtedness evidenced by this note represents money advanced toward the purchase price of the property above described, and this note is secured by a vendor's lien retained in deed of even date from Martin Henry Kingman and wife, Olga Kingman, to C. M. Glasgow and C. H. Waddell, which said land is fully described in said deed of trust.

" 'All past due principal and interest on this note shall bear interest from the maturity thereon until paid, at the rate of ten per centum per annum.

" 'It is understood and agreed that failure to pay this note, as above promised, or any installment of interest thereon, when due, shall, at the option of the holder of said note, mature same and it shall at once become due and payable, and subject to foreclosure proceedings under said deed of trust.

" 'And it is hereby specially agreed that if this note is placed in the hands of an attorney for collection, or if collected by suit or through probate or bankruptcy pro-

**130**

ceedings, the undersigned agree to pay ten per cent additional on the principal and interest then owing herein as attorney's fees.

"'Due on or before the 30th day of December, 1934.

"'C. M. Glasgow
"'C. H. Waddell.'

"II. Plaintiff being from such date to the present date the legal owner and holder of such note, on January 1st, 1934, after the installment of interest due on December 30, 1933, was due, payable and unpaid, made demand on defendants for the payment of said installment of interest and in August, 1934, the plaintiff exercised her option to accelerate the maturity of said note and declared all of said note due and placed said note, after its maturity, in the hands of the undersigned attorney for collection, agreeing with him to pay the said amount of attorney's fees for his services in connection with said note, which is a reasonable amount therefor.

"III. On October 2, 1934, the property securing the payment of this note was sold in accordance with the terms of said deed of trust for the sum of one hundred ($100.00) dollars, and said amount applied as a payment and credit on said note.

"IV. Though repeated demands have been made by the plaintiff on each of said defendants to pay the balance due on said note, principal, interest and attorney's fees, the defendants have failed and still fail and refuse to pay said balance or any part thereof, to the plaintiff's damage in the sum of nine hundred ($900.00) dollars."

Our courts, it is thought, have held such a pleading insufficient and fatally defective as a declaration of such a cause of action as it essayed, in the following particulars, as indicated in the cited holdings under each of them, to-wit:

▮ (1) There is no averment that the note was made and executed by the defendants. Jennings v. Moss, 4 Tex. 452; Frazier v. Todd, 4 Tex. 461; Ross v. Breeding, 13 Tex. 16; Gray v. Osborne, 24 Tex. 157, 76 Am.Dec. 99; Sneed v. Moodie, 24 Tex. 159; Fortune v. Kerr, 25 Tex.Supp. [309], 310: Parr v. Nolen, 28 Tex. 798; Belcher v. Wilson, 31 Tex. [139], 140; Unger v. Anderson's Ex'r, 37 Tex. 550; Hall v. Matthews [Tex.Civ.App.], 119 S.W.2d 164; 6 Tex.Jur., p. 903, Sec. 238; 10 C.J.S., [Bills and Notes], p. 1204, § 583; 8 Am. Jur., p. 562, Sec. 951.

▮ (2) It is not alleged that the claimed note was delivered by the defendants to the plaintiff. Thigpen v. Mundine, 24 Tex. 282; Malone v. Craig, 22 Tex. 609; Moody v. Benge & Jewell, 28 Tex. 545; Wilson v. Martin [Tex.Civ.App.], 87 S.W.2d 539.

▮ (3) The specific terms and provisions of the alleged note are nowhere set out, the mere copying of its recitations as an entirety not being sufficient to cure such a defect; that is, there is no allegation as to who executed the note, or to whom it was delivered, or when it was due, or what rate of interest it carried, as well as other provisions, such as acceleration of maturity and attorneys'-fee clauses, hence it was fatally defective in this regard. Carter v. Gray, 125 Tex. 219, 81 S.W.2d 647; Durham v. Foust [Tex.Civ.App.], 64 S.W.2d 1027; Grady v. [Glen] Walker [Collett & Rigg, Tex.Civ.App.], 68 S.W.2d 327.

▮ (4) Neither were any of the three foregoing defects cured by setting out, in full a copy of such alleged note, and referring in connection therewith to there having been executed a mortgage to secure it. Jennings v. Moss, 4 Tex. 452; Sneed v. Moodie, 24 Tex. 159; Fortune v. Kerr, 25 Tex.Supp. [309], 310; Moody v. Benge & Jewell, 28 Tex. 545; Carter v. Gray, 125 Tex. 219, 81 S.W.2d 647, all supra.

The appellee's sole answer to these assignments against her petition is thus stated in her brief: "Any defect in plaintiff's pleading, when raised after verdict and judgment, is cured by defendants' pleadings, or any other pleading."

In substantiation of that reply, she then sets out this statement and argument:

"At line 30, page 51 of the Transcript, defendants plead:

"'* * * defendants would show that the note as described in plaintiff's petition constituted deferred purchase money for that certain property known as Lots forty (40) and forty-one (41), in the N. T. Masterson Subdivision, Cameron County, Texas, as set forth in that certain deed dated December 30, 1931, from Martin Henry Kingman and wife, to defendants herein.'

"At line 24, page 73 of Transcript, defendants copy plaintiff's Original Petition, in part as follows:

"'On December 30, 1931, the defendants executed and delivered to the plaintiff their promissory note bearing said date and thereby promised plaintiff to pay her the sum of Five Hundred ($500.00) Dollars with interest at the rate of eight (8) per cent per annum, the interest payable an-

nually, from date, until maturity, and all past due principal and interest to bear ten (10) per cent interest until paid, the principal to become due on or before and payable in Houston, Texas, and providing that upon any failure to pay any installment of interest when due, shall, at the option of the holder, mature the entire indebtedness, and further providing that if this note is placed in the hands of an attorney for collection, the makers agree to pay an additional ten per cent (10%) upon the principal and interest as attorneys fees, which note reads substantially as follows: (Then follows copy of note)'

"At line 10, page 75: 'Plaintiff being from such date to the present date the legal owner and holder of such note', etc.

"Authorities: Pope v. K. C. M. & O. Ry. Co. [109 Tex. 311], 207 S.W. [514], 518; Southern Casualty Co. v. Morgan [Tex. Com.App.], 16 S.W.2d 533; Jones v. Womack [-Henning & Rollins, Tex.Civ.App.], 53 S.W.2d [635], 636.

"Argument. In the first case cited above, the Supreme Court of Texas held [109 Tex. 311, 207 S.W. 518]:

"'If one party expressly avers or confesses a material fact omitted on the other side, the omission is cured. It may thus be made to appear, from the pleadings on both sides, that the plaintiff is entitled to the judgment, although his own pleading, taken by itself is insufficient.'

"In Southern Casualty Co. v. Morgan, supra, the Texas Commission of Appeals held:

"'The question (of insufficiency of the petition) is raised after verdict and judgment, and, so, at a time when all that is possible must be presumed in aid of the pleading * * * and at a time when the answer may help the petition * * *.'"

The inadequacy of this answering-position lies mainly in the undisputed fact that the "second amended original answer" of the appellants, upon which alone the appellee thus relies, was excluded by the trial court, and in consequence was not read to the jury; it, therefore, could not be looked to as an admission against the appellants. Dailey v. Coker, 33 Tex. 815, 7 Am.Dec. 279; Watters v. Parker [Tex.Sup.], 19 S. W. 1022.

In this connection, it is quite true that the trial court qualified the bill of exceptions relating to this matter with the recitation that none of the defendants' (appellants') pleadings had been "stricken out ei-

ther on motion or exception of the plaintiff"; but, as indicated, it just as affirmatively appears also that such second amended answer of the appellants was excluded "on objection of plaintiff's counsel".

In the second place, this expunged amended answer of the appellants was not available to the appellee as a cure of her defective petition, because it thereby not only became functus officio as a pleading, but it was not even offered by the appellee as evidence. Dunson v. Nacogdoches County [15 Tex.Civ.App. 9], 37 S.W. 978; Houston, E. & W. T. R. R. Co. v. DeWalt [Tex.Civ.App.], 71 S.W. 774; Miller v. Drought [Tex.Civ.App.], 102 S.W. 145; Colorado [Canal Co.] v. McFarland [& Southwell, 50 Tex.Civ.App. 92], 109 S.W. 435; Kimmons v. Abraham [Tex.Civ. App.], 158 S.W. 256; 22 C.J., Sec. 380, p. 336 et seq.; 49 C.J., Sec. 127, p. 126 et seq.

In the third place, it likewise appears that appellants' excluded answer first contained a general denial upon their part of any obligation whatever to the appellee, and was then followed by the recitations appellee depends upon as constituting the admission she alleged.

In such a situation, our courts seem to hold that no such admission, after a general denial has been filed, can be used against the party making it. Bauman v. Chambers, 91 Tex. [108], 111, 41 S.W. [471], 472; Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Lovelady v. Harding [Tex.Civ.App.], 207 S.W. 933, 934.

These conclusions require a reversal of the challenged judgment, and a remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.