CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. E. M. BARNES.

Decided March 28, 1908.

**1.—Personal Injury—Imaginary Suffering.**

If suffering be, in fact, produced by a neurotic condition brought about by a shock, the person by whose negligence the shock was produced is liable in damages, even though the suffering be from a disease which exists only in the imagination of the sufferer.

**2.—Medical Expert—Cross-Examination.**

A medical expert having testified, in effect, that plaintiff's wife was not malingering, it was not error for the trial court to refuse to allow the defendant on cross-examination to question the witness concerning a case spoken of in the medical books, but of which the witness had no personal knowledge, the purpose of the testimony being to show that there were instances in which the best of doctors were mistaken.

**3.—Evidence—Medical Works.**

In a suit for damages for injury to the nervous system, it was not error for the court to refuse to allow defendant's counsel to read to one of defendant's expert witnesses, while upon the stand, an article from a medical work on diseases of the nervous system.

**4.—Improper Argument—Not Cause for Reversal, When.**

When, in a suit for damages for personal injuries, neither the liability of the defendant is disputed nor the amount of the verdict complained of, reprehensible conduct and remarks of counsel for plaintiff are not cause for reversal of the judgment.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*N. H. Lassiter, Robert Harrison* and *J. H. Barwise, Jr.,* for appellant.—The defendant had a right to have a special charge given specifically applying the law to the facts of the case as shown by the evidence. It was the court's duty to give the special charge, on request of defendant, because the defendant was not responsible for whatever suffering Mrs. Barnes underwent which was due to her imagination or to a mere belief that she was suffering from traumatic neurosis. City of Dallas v. Moore, 32 Texas Civ. App., 230; International & G. N. Ry. v. McVey, 99 Texas, 28.

Under the evidence of Dr. McCutcheon that a malingerer could not escape detection under the tests used by the physicians in such cases as this, it was proper to contradict him, if it could be done, on cross-examination, by making him admit that he knew of cases of nerve troubles where according to the medical reports, or general common knowledge, the attending physicians, notwithstanding all known tests, were led to believe that the patient was genuinely injured, when, as a matter of fact, he was feigning. It was proper and permissible cross-examination to cite individual cases to Dr.

McCutcheon in order to show the jury, if it could be done, that he was wrong in his statements that patients could not so feign nerve troubles, as to fool the doctors, under the tests he used.    Eastern Texas Ry. Co. v. Scurlock, 97 Texas, 305; Ft. Worth & D. C. Ry. Co. v. Cummins, 69 S. W., 118.

*McLean & Carlock,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is a companion case to that of Chicago, Rock Island & Gulf Railway Company v. B. B. Poore, in which the judgment against the railway company was affirmed by this court February 15, 1908, this action being one for personal injuries sustained by the wife and children of appellee in a wreck in the yards of appellant in Fort Worth, on account of which appellee recovered a verdict and judgment for something over five thousand dollars.    The liability of appellant as a carrier of passengers for the injury sustained is not questioned, nor is any complaint made of the amount of the verdict.

In the first assignment we are asked to hold that the court erred in refusing to instruct the jury upon the question of damages for traumatic neurosis, that if they believed the suffering of the wife of appellee was "due to her imagination, or a mere belief that she was such a sufferer, then as to such suffering" to find for the defendant.    We are referred to the testimony of Doctor McCutcheon and Doctor Harris for evidence raising this issue, but after consulting the page of the transcript referred to we find nothing tangible in it.    Besides, if this condition of the imagination be one of the concomitants of the neurotic condition produced by the shock, we see no reason why the person producing the shock should not respond in damages for the injury.

In the next assignment, complaint is made of the court's refusal to allow Doctor McCutcheon, whose testimony on re-direct examination had tended to refute the suggestion that the wife of appellee was a malingerer, to testify on re-cross-examination about the case of Oran Hoskins, appellant offering this testimony, as claimed, to show "that there were instances where the best of doctors were fooled." The witness was asked the following question: "You recollect the case of Oran Hoskins, a very famous case of nervous disorder?" To which he answered: "Yes, sir.    I recollect reading about it, but I have no personal knowledge of the case."    Thereupon counsel for appellee "objected to individual cases being brought out, particularly where the doctor had never had the case under observation himself; the only purpose being to inflame or prejudice the jury." In this we find no material error.

The next ground of complaint is the court's refusal to permit counsel for appellant to read to appellant's witness, Doctor Duringer, an interesting extract from Bailey on "Diseases of the Nervous System from Accident and Injury," which would doubtless have aided counsel for appellant in arguing the case to the jury, but we hardly think it could be seriously contended that this ruling would require the judgment to be reversed.

The remaining assignments complain of the argument of counsel for appellee and of the course pursued by him in persistently making improper remarks and then withdrawing them when objection was made. We concur with appellant that the course pursued was deserving of censure, but would not feel warranted in reversing the judgment in this instance, especially since liability is undisputed and the amount of the verdict is not complained of. The judgment is therefore affirmed.

*Affirmed.* ·

Writit of error refused.