CITY OF FT. WORTH v. MORGAN et al.
(No. 7978.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 16, 1914. Rehearing Denied
June 20, 1914.)

1. APPEAL AND ERROR (§§ 680, 742*)—RECORD
—CONTENTS—RULING TO BE REVIEWED.

Where neither the appellant's statement under an assignment nor the record shows that the court sustained an exception to any part of his petition, the assignment of error for sustaining an exception thereto need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2880–2882, 3000; Dec. Dig. §§ 680, 742.*]

2. EMINENT DOMAIN (§ 317*)—PROPERTY TAKEN—LIMITED ESTATE OR INTEREST.

There is no law which authorizes a judgment in a city's proceeding to condemn land for a reservoir site limiting its effect and use to any specified number of years, after which the use would be abandoned, and the land would revert to the former owners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*]

3. EMINENT. DOMAIN (§ 131*)—COMPENSATION —"MARKET VALUE."

Under the charter of a city empowering it to condemn land for reservoir purposes by proceeding according to the general law, and Rev. St. 1911, art. 6519, providing that, when the whole of a person's realty is condemned, he shall be entitled to the market value thereof in the market in which it is located, such market value was the proper measure of compensation upon the city's condemnation of land for a reservoir site.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 353; Dec. Dig. § 131.*]

4. EMINENT DOMAIN (§ 262*)—REVIEW—HARMLESS ERROR—ARGUMENT OF COUNSEL.

In a city's proceeding to condemn land for a public use, the argument of counsel for the owners in answer to argument of counsel for plaintiff, and tending only to enlarge the amount of damages, was not reversible error, where the city did not complain that the judgment was excessive.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

5. APPEAL AND ERROR (§ 501*) — PRESENTATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Under Acts 33d Leg. c. 59, amending Rev. St. 1911, art. 2061, requiring that the ruling of the court in the giving or refusing of instructions shall be regarded as approved, unless excepted to in the manner provided, the refusal of a special charge will not be reviewed, where neither the appellant's statement nor the record shows any exception thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from Tarrant County Court; Charles T. Prewitt, Judge.

Condemnation proceedings by the City of Ft. Worth against Nettie R. Morgan and others. Judgment of condemnation, and fixing the amount to be paid, and plaintiff appeals. Affirmed.

McCart, Bowlin, Terrell & McCart and A. B. Curtis, all of Ft. Worth, for appellant. McLean, Scott, McLean & Bradley and Carlock & Carlock, all of Ft. Worth, for appellees.

CONNER, C. J. The city of Ft. Worth instituted this action against the appellees to condemn 90 acres of land owned by them for the purposes of a water reservoir. There seems to be no dispute in the facts, except upon the issue of the value of the land; this issue alone being submitted by the court's charge, to which no exception has been presented. The opinion of the witnesses as to the value of the land varied all the way from $35 per acre, as stated by some of the witnesses in behalf of the city, to $300 an acre, as stated by one or more witnesses offered by appellees. The jury by their verdict fixed the value of the land at $65 per acre, aggregating the sum of $5,850, for which judgment was rendered, together with interest thereon at the rate of 6 per cent. per annum from the date of the taking, to wit, $711.75; and the city has appealed.

[1-3] The first assignment of error is to the effect that the court erred in sustaining exceptions to that part of the city's petition alleging that it could only use the land sought to be condemned for "30 or 35 years, at which time said reservoir will be filled up with sediment, etc., so that it will have to be abandoned by plaintiff as a reservoir site, at which time said land would revert to the heirs or assigns." A sufficient answer to this assignment is that neither in appellant's statement under the assignment nor in the record that we have been able to find does it appear that the court sustained an exception to any part of appellant's petition. Moreover, we know of no law which would authorize the court to enter a judgment of condemnation limiting its effect to any specified number of years. In the very nature of things the result indicated in the petition is but conjectural, and a decree that would have the effect of compelling the city at the end of 30 or 35 years to abandon a reservoir, permanent in its nature, and established at great expense in the effort to supply the inhabitants with water, and compel the owners to again receive the land in its then condition, would certainly leave an open door for many difficulties which, as it seems to us, has been closed by our Statutes on the subject. The charter of the city of Ft. Worth gives the city power to condemn lands for the purposes sought in this suit, but declares that in such cases the proceedings are to be governed by the "general laws of the state relative to condemnations." Revised Statutes, arts. 1003, 1005, 6518, and 6519, specify the procedure under the state laws. Article 6519 provides that when, as here, "the whole of a person's real estate is condemned, the damages to which he shall be entitled shall be the mark-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

et value thereof in the market in which the same is located." This was the measure adopted by the court's judgment, which we think is correct.

[4] But little else remains for disposition. Several assignments are presented complaining of argument on the part of counsel for appellees; but in part it was clearly in answer to argument of one of appellant's counsel, and for the rest only tended, if of any effect, to enlarge the amount of the damages. There is no assignment complaining of the judgment as excessive, and a consideration of the evidence brings no such impression to our minds, so that we think the argument complained of, even if objectionable, is not of that character which would justify us in granting a new trial therefor.

[5] The remaining assignment undisposed of complains of the action of the court in refusing to give a special charge; but nothing in appellant's statement nor in the record shows that exception was taken to this action, as required by Revised Statutes, art. 2061, as amended by act approved March 29, 1913. See Gen. L. 1913, p. 114; Heath v. Huffhines, 168 S. W. 974 (No. 7936), by this court, and not yet published.

We conclude no reversible error has been presented, and that the judgment must be affirmed.

SPEER, J., not sitting.