**EAKIN et ux., v. GLENN et al.**

No. 5151.

Court of Civil Appeals of Texas. Amarillo.
April 29, 1940.

Rehearing Denied June 3, 1940.

favor of the receiver against R. R. Eakin for the sum of $2,911.75 and the lien foreclosed on the lots and premises above described given to secure said indebtedness but with the understanding that no order of sale should issue on the judgment until the expiration of ninety days from the date thereof; that on March 11, 1935, an order of sale was issued and placed in the hands of the sheriff of Lubbock County, who levied upon said property, advertised and sold the same on the first Tuesday in May. The property was bid in for $1,500 and the property at that time was of the reasonable market value of $5,000.

For the purpose of showing the invalidity of the sale, appellants alleged that the order of sale was issued before ninety days after the rendition of the judgment; that such order recited that it was issued on February 18, 1935; that the sheriff's notice of sale was published in "The South Plains Farmer" which was not a newspaper of general circulation of Lubbock County; that a part of the property involved was the homestead of appellants and a part non-homestead and the sheriff in making the sale failed to sell the non-homestead property before offering for sale the homestead; that such irregularities caused the property to sell for an inadequate consideration; that appellee Vaughn Power was claiming some right, title or interest to the property the character of which was not known.

In their pleading they say they have been ready, able and willing to pay any sum since June 1, 1937, that might be due under and by virtue of the judgment and in their petition offer payment, pray for cancellation of the deed and for title and possession of the property.

The appellee H. C. Glenn, receiver, answered by general demurrer, general denial, alleged that the proceedings in Cause No. 20736 in the District Court of Bell County were regular and valid; that on September 2, 1930, Eakin and his wife executed to the Temple Trust Company a deed of trust lien to secure a note for the sum of $2,700 due and payable in monthly installments; that the lien was a blanket lien on the property and in the agreed foreclosure judgment no question of homestead was asserted and no homestead property designated; that at the time of the purchase at the execution sale there was due against it delinquent taxes in the sum of $223.36

G. E. Lockhart and W. R. Porter, both of Lubbock, for appellants.

Jno. B. Daniel, of Temple, for appellees.

JACKSON, Chief Justice.

This is an action in trespass to try title instituted in the District Court of Lubbock County by the appellants, R. R. Eakin and wife, Hettye Eakin, against the appellees, Vaughn D. Power and H. C. Glenn, the legally appointed receiver for the Temple Trust Company, to recover Lots Nos. 8, 9 and 10 in Block 160 of the Original Town of Lubbock, Texas.

In addition to the statutory plea of trespass to try title, in a second count the appellants alleged that about February 18, 1935, in Cause No. 20736, H. C. Glenn, receiver, was plaintiff and R. R. Eakin, his wife and E. F. Couch were defendants, an agreed judgment was entered in

and a debt for paving in the sum of $281.15 for which the property and R. R. Eakin were responsible; that the lots were sold and conveyed to Vaughn Power February 15, 1937, by H. C. Glenn for the sum of $4,200, $400 cash and the balance evidenced by a note executed for $3,800 payable in monthly installments.

Appellee Vaughn Power pleaded the same defenses urged by H. C. Glenn and in addition innocent purchaser.

A jury was selected, impaneled and sworn but at the close of the testimony the court directed a verdict in behalf of the appellees and upon the verdict so directed judgment was rendered that appellants take nothing by their suit and that the appellees go hence without day.

The appellants challenge as error the action of the court in directing a verdict against them asserting that the testimony presented fact issues which should have been submitted to the jury for determination.

The record discloses that appellants had defaulted in the payment of the loan obtained from the Temple Trust Company, which was the basis of Cause No. 20736 filed by H. C. Glenn, receiver, in the District Court of Bell County, to obtain a judgment for the debt and foreclose the lien on the lots involved in this controversy; that T. A. Helm of Dallas, the brother of Mrs. Eakin, with the consent of appellants, employed the firm of Cox and Brown, attorneys of Waco, to represent them in the suit. There is no claim that Mr. Brown, who had charge of the case for appellants, was not authorized to represent them in the litigation and no claim that the Eakins had any defense to the suit. After the expiration of several months an agreed judgment was entered on February 18, 1935, decreeing the receiver a recovery for the sum of $2,911.75 and a foreclosure of the deed of trust lien. The attorneys agreed that the receiver would not have execution issued before ninety days from the date of the judgment. Mr. Brown testified, however, that he, as the attorney for appellants, was cooperating with them in an effort to secure a loan from the Home Owners Loan Corporation for the purpose of paying off the judgment and securing a renewal and extension of the loan for appellants with said loan corporation; that A. M. Frazier, the general attorney for the Home Owners Loan Corporation, advised him or agreed with him that for the purpose of removing some homestead claim that might be asserted to the property by appellants it was necessary that an order of sale should issue on the judgment in the District Court of Bell County, the property advertised and sold thereunder; that he discussed this matter with H. C. Glenn, Receiver, and his attorney, John B. Daniel, and as appellants' attorney requested that the agreement to withhold the execution be ignored, an order of sale issued and the property sold. The order of sale was issued March 11, 1935, the property advertised, sale made by the sheriff and the land deeded to H. C. Glenn as receiver on May 7, 1935. The property was thereafter, on February 15, 1937, conveyed by the receiver to Vaughn D. Power and this suit was filed January 10, 1939. Appellant R. R. Eakin testified that he received a notice of the sheriff's sale had on May 7, 1935.

The record indicates that a second order of sale was issued on the judgment in the District Court of Bell County and the property advertised for sale by the sheriff of Lubbock County but the order of sale was withdrawn and no sale had thereunder.

On June 2, 1937, appellants instituted suit in the District Court of Lubbock County against H. C. Glenn as receiver and Vaughn D. Power, Cause No. 7285, which suit was dismissed in December following.

■ The appellants did not attend the sale and made no tender to the sheriff or anyone else of the indebtedness and, in our opinion, while they allege they were ready, willing and able to pay in this suit and claim they had made arrangements for the money with which to discharge the indebtedness, the evidence fails to show that any legal tender was ever made. This is emphasized by the fact that appellants failed to request the parties from whom they claimed they could have secured the money to sign a bond to enable them to prosecute an appeal but are before this court on a pauper's affidavit. There is nothing to indicate or even suggest that appellees would not have accepted the money that appellants admit they owed at any time if tendered. Stern v. Maxwell et al., Tex.Civ.App., 44 S.W.2d 482; Bachrach v. Di Carlo, Tex.Civ.App., 80 S.W.2d 815.

■ There is no allegation of misrepresentation or fraud on the part of appellees or anyone else in connection with the sale and purchase of the land under the first execution issued. This is a collateral attack upon a judgment and a judicial sale and unless such judgment is void this suit cannot be maintained.

In 26 Tex.Jur. 551, para. 15, the author says: "A judicial sale is not open to collateral attack for irregularities which at most would render the proceedings voidable—such as an omission with respect to the order or notice of sale, or misdescription in the deed—or for intrinsic fraud."

■ In McCardell et al. v. Lea et al., 111 Tex. 380, 235 S.W. 518, 520, Judge Greenwood, speaking for the Supreme Court, says: "It should now be accepted as settled in this state: * * * that 'the policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them; on the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish' ".

See also Chapman, Commissioner of Insurance and Banking, et al. v. Guaranty State Bank et al., Tex.Com.App., 267 S.W. 690; Bowers v. Chaney, 21 Tex. 363; and Rule v. Richards, Tex.Civ.App., 149 S.W. 1073.

■ In our opinion, the judgment and sale were at most voidable and the testimony was sufficient to authorize the court to direct a verdict in behalf of appellees.

Appellants by several assignments present as error the action of the court in overruling their motion to suppress the answers to direct interrogatories Nos. 5 and 16 and the answers to cross-interrogatories Nos. 3, 4, 5, 6 and 8 in the deposition of the witness, W. R. Brown, because such answers were not responsive, were hearsay and conclusions of the witness. They also complain of the action of the court in admitting during the trial these answers over their objection that they were not responsive, were hearsay and conclusions of the witness.

■ The record shows that Mr. Brown was appellants' attorney in Cause No. 20736 in which the agreed judgment was had against them and upon which the order of sale issued and the lots sold to H. C. Glenn by the sheriff of Lubbock County on May 7, 1935. The attorney was employed to represent appellants by T. A. Helm, the brother of Mrs. Eakin. An analysis of each answer to the admission of which complaint is made shows that the facts stated were not all irresponsive nor hearsay nor conclusions but part of the contents of each answer was competent and admissible and appellants neither in their motion to suppress nor in their objections to the admission of such answers undertook to separate the admissible from the inadmissible, and these assignments are overruled because as presented they do not constitute reversible error. Thweatt et al. v. Ocean Accident & Guarantee Corporation, Limited, et al., Tex. Civ.App., 62 S.W.2d 250, writ refused; Bernard Gloekler Co. v. Westbrook Hotel Co., Tex.Civ.App., 258 S.W. 870; Farmers' & Merchants' State Bank of Lelia Lake v. Guffey et al., Tex.Civ.App., 255 S.W. 462.

■ These assignments do not present reversible error for the additional reason that appellants permitted evidence to the same or similar effect introduced without objection. 17 Tex.Jur. 370, para. 126; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103.

The appellants urge as error the action of the court in excluding on appellees' objection the testimony of R. R. Eakin to the effect that he was advised through his attorney, W. R. Brown, that no order of sale would issue on the judgment entered in the District Court of Bell County on February 18, 1935, before ninety days after the rendition of such judgment.

The appellants contend that this testimony would tend to explain the absence of appellant Eakin from the execution sale and why he had made no effort to secure bidders to attend and bid on the property at the sale.

■ The record fails to show that if the witness had been permitted to answer he would have testified that he received such information, hence, the bill does not require consideration.

■ He admits he did receive notice from the sheriff of the sale that was made on May 7, 1935, made no inquiry to learn why the sale was not delayed for

ninety days and did not attend the sale, and his absence appears to have resulted from his own failure to exercise ordinary care. Johnson v. Crawl, 55 Tex. 571. However, had he testified that he was advised that an execution was to be delayed for ninety days it would not have justified him in absenting himself from the sale and failing to solicit prospective purchasers to be present because he had received a notice of such sale from the sheriff, the officer authorized to give notice, and his lawyer, who made the agreement to postpone the issuance of an execution for ninety days and later asked H. C. Glenn and his attorney to ignore such agreement and proceed with such sale for the purpose of removing some objection to the title in order that a loan might be obtained from the Home Owners Loan Corporation for appellants. This attorney was the agent of appellants and the knowledge of such agent and his acts, within the scope of his authority imputable to and binding on them. Great American Indemnity Co. v. Dabney, Tex. Civ.App., 128 S.W.2d 496.

 The appellants assail as error the action of the court in excluding the testimony of R. R. Eakin to the effect that "The South Plains Farmer" was not a newspaper of general circulation published in Lubbock County. Article 3808 of the Revised Civil Statutes provides that the sale of real estate under order of sale shall be advertised "by having the notice thereof published in the English language once a week for three consecutive weeks preceding such sale, in some newspaper published in said county". It will be observed that the statute does not require that the notice of such sale be published in a newspaper of general circulation and this article was so construed in Saylors et al. v. Wood et al., Tex.Civ.App., 120 S.W.2d 835, writ granted on another point. The record shows that "The South Plains Farmer" is a newspaper published in Lubbock County by the Avalanche Journal Publishing Company; that it had been published continuously for more than fifty-two consecutive weeks prior to the first insertion of the notice of the sale under consideration. The notice was published in the English language within the time required by law. It is not claimed that any fraud was perpetrated by the sheriff in selecting this newspaper. It is not shown that the witness had ever engaged in the publication of a newspaper or in the circulation of one or that he knew what would constitute a newspaper of general circulation and, in our opinion, he was not qualified to testify but had he been permitted to state that in his opinion "The South Plains Farmer" was not a newspaper of general circulation in that county it would not have invalidated the publication of the notice or the sale, since general circulation, whatever it may mean, is not required by law.

 The court did not err in excluding the petition that appellants filed in Cause No. 7285 on June 12, 1937, which was dismissed December, 1937, since H. C. Glenn had sold the property to Mr. Vaughn Power on February 15, 1937, before the institution of such suit and it could not have constituted notice to Mr. Power. It was not error to refuse to admit in evidence the second order of sale issued out of the District Court of Bell County since the property was never sold thereunder. The contention that the sheriff should have sold the non-homestead property before placing the homestead property on sale is not tenable. The decree was an agreed judgment and foreclosed the lien on the property as a whole. The record indicates that there was a valid debt against the homestead and no tender of the amount secured by such valid lien was made. Floyd v. Hammond, Tex. Com.App., 268 S.W. 146.

 There is in the record testimony to the effect that the property at the time of the execution sale had a market value of from $4,000 to $5,000. The property was purchased at the sale for $1,500 subject to taxes for $223.36 and the cost of paving, $281.15, or an aggregate of $2,004.51, but this difference with the irregularities shown do not, we think, invalidate the sale where the attack on the proceeding is collateral.

What we have said we think sufficient to dispose of all the assignments urged. The judgment is therefore affirmed.