### THOMPSON v. STATE et al.

### No. 5470.

Court of Civil Appeals of Texas. Amarillo.

Oct. 5, 1942.

Willis & Via, of Pampa, for appellant.

Clayton Heare, of Shamrock, and Homer L. Moss, of Wheeler, for appellees.

JACKSON, Chief Justice.

This is an appeal by J. A. Thompson from a judgment of the County Court of Wheeler County in favor of the State of Texas acting by and through the commissioners court of said county in condemning 5.91 acres of his land for highway purposes and awarding him $378.52 as compensation for the land taken and the damages to the remainder of the tract.

The appellant challenges the qualification of the county judge to preside over the condemnation proceedings because he was a party plaintiff and the judge before whom the issues were initiated and tried. We find this agreement in the record: "It is stipulated that in the original petition for condemnation D. A. Hunt, County Judge, as a member of the Commissioners' Court was the plaintiff and that he appointed the spe-

cial commissioners and officiated as trial judge in all the proceedings."

The judge testified that he had no financial interest in the case other than as a taxpayer and as a member of the commissioners' court which was requested to secure the right of way and as trial judge. In Angier v. Balser et al., Tex.Civ.App., 48 S. W.2d 668, Judge Blair of the Austin Court decided this precise question contrary to appellant's contention. A writ of error was denied by the Supreme Court, and further discussion of this contention is unnecessary. See, also, Smith v. Elliott et al., Tex.Civ. App., 149 S.W.2d 1067.

The appellant presents as error the failure of the court to give his requested peremptory instruction because the court was prohibited under the law from condemning for the purposes named land exceeding 100 feet in width.

The proceedings show that the State of Texas maintains a highway known as State Highway No. 152 which traverses Wheeler County and as a part thereof maintains a bridge across Sweetwater Creek; that in order to protect the right of way and bridge from damages from the overflow of the waters of the creek and save expensive repairs it was necessary to acquire new or additional lands to give ingress and egress to the present highway and bridge in order to remove brush, logs and other obstructions from the stream, construct jetties and other improvements to prevent the banks from caving, trees from falling into the stream' with logs, brush and debris and damaging the bridge and highway and by such improvements confine the flood waters to the channel of the creek. The record shows that previous to these proceedings the abutments to the bridge had been washed out; the creek banks and trees along the bank had caved in which required expensive repairs; that the purpose of the additional land sought was not to secure a wider highway but secure material with which to confine the storm water to the proper channel of the creek.

Article 6674n, Vernon's Annotated Texas Civil Statutes, in part reads as follows: "Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway by the State Highway Commission, the same may be acquired by purchase or condemnation by the County Commissioners Court."

▉▉ As we read the statute the limitation of the acquisition of land not exceeding 100 feet in width is for stream bed diversion and since the State desired this land to enable it to build jetties and such other improvements as were necessary to confine the stream to the channel of the creek to prevent diversion of the water therefrom, appellant's contention is untenable. In Angier v. Balser et al., supra, it is held that a proceeding by the commissioners court condemning land exceeding 100 feet in width for the State highway is not invalid.

Appellant attacks the proceedings and the validity of the judgment because he says fundamentally the State was condemning more land than was needed for the use desired.

There is neither pleading nor proof in the record that the acreage sought was in excess of the necessary amount for use by the State Highway Department in connection with maintaining its highway and protecting the bridge, prevent the banks of the creek from caving and for the removal of trees and other debris from the stream.

If we are correct in concluding that the judge was not disqualified, that the proceedings were not invalid for the reason the State sought to condemn a strip of land in excess of 100 feet in width nor that it was condemning more land than it needed, then the authority of the State to acquire the land for the purposes sought is not questioned. The only issue left for determination is the sufficiency of the consideration paid for the land taken and the damages done to the remainder of the tract.

▉ The appellant predicates error on the action of the court in admitting the testimony of state engineer, P. S. Bailey, to the effect that he had carried out similar projects and works, the nearest of which was on Elm Creek near Shamrock. At this point the attorney for appellant objected for the reason it was a different locality and conditions were not shown to be the same. The objection was overruled; however, the witness then testified that the conditions were similar on Elm Creek, where he had constructed improvements, to the

134

conditions on Sweetwater Creek where the jetties involved were in controversy and the court permitted him to state that the jetties had stopped erosion and deposits and this was accomplished with the same type of jetties that were intended to be installed by the use of the land sought to be condemned in this litigation. The record discloses, however, that testimony to the same effect was given by other witnesses without objection, hence, if the testimony of this witness was erroneously admitted it was harmless. Eakin v. Glenn et al., Tex.Civ.App., 141 S.W. 2d 420, 423.

The appellant urges as error the action of the trial court in permitting appellee's counsel on cross-examination to inquire of appellant as to whether he wanted to build a fence that would keep out hogs, sheep, pigs and his neighbors. The witness answered he had a neighbor or two he didn't want on his land. In his argument to the jury appellee's counsel, over objections which were overruled, stated that appellant had testified that he wanted to fence against his neighbors' sheep, hogs and pigs and also against his neighbors. The statement of counsel was from the testimony of appellant but the conclusion drawn therefrom was not justified. However, under the record, it is our opinion that no such prejudicial error was committed as to require us to remand the case.

The appellant offered to testify that he saw some engineers, after the proceedings for condemnation had been commenced and after the commissioners had awarded him his damages and the money had been deposited with the proper authority in the county, go upon the land and saw four trees down and drag them out of the creek with highway trucks. The appellee objected to this testimony because irrelevant, immaterial and not an issue in the case. The objection was sustained, the jury was retired for the purpose of the bill, the witness was interrogated at length as to the trees, their being sawed up and appropriated and his fence cut, that he protested and nothing else was done except to clean out the brush from the bottom of the creek. There was no pleading asking for damages for the commission of a trespass or tort. The sole issue before the jury was the value of the land taken and the damages done to the part of the tract not taken and appellant was permitted to testify at length as to the cost of the fence cut and the expense of replacing it.

The appellant urges as error the action of the court in refusing to allow him to give his opinion as to the effect the new jetties would have on the land and the creek relative to causing the water to overflow. In response to an interrogation by his attorney the appellant while on the stand stated, "More jetties put in will increase the water hazard." An objection that witness was not qualified was sustained, the jury was retired and the witness examined extensively relative to his opinion of the effect the jetties would have. The jury was returned but the testimony heard in its absence was not re-offered by appellant nor was the statement of the witness that more jetties would increase the water hazard withdrawn from the jury and nowhere was it instructed not to consider it. Sustaining objections to admissible testimony does not constitute reversible error where there is no motion made to withdraw the evidence nor to instruct the jury not to consider it and the evidence permitted to remain in the record. Commercial Standard Ins. Co. v. McGee et al., Tex.Civ.App., 40 S.W.2d 1105. The testimony admitted without objection is amply sufficient to support the finding of the jury as to the value of the land taken and the damages to the part not taken and for another reason, in our opinion, the assignments on the inadmissibility of testimony and the unwarranted argument of counsel does not constitute reversible error.

In his motion for a new trial appellant does not challenge the sufficiency of the amount awarded by the jury nor does he complain in this court of the inadequacy of the amount found to compensate him for the land taken and the damages to the remainder of the tract.

Under Rule No. 374, Texas Rules of Civil Procedure, a ground of error not distinctly set forth in the motion for a new trial where such motion is required shall be considered as waived. In order for the court to review whether a verdict is excessive or inadequate complaint must be made to the trial court. Galveston, H. & S. A. R. Co. v. Zantzinger et al., Tex. Civ.App., 49 SW. 677; S. Jacobs, Bernheim & Co. v. J. W. Hawkins et al., 63 Tex. 1; Seele v. Neumann, Tex.Sup., 1 S.W. 274.

In Houston & T. C. R. Co. v. Postal Telegraph Cable Co., 18 Tex.Civ.App. 502, 45 S. W. 179, it is held that where no complaint is made as to the adequacy of the damages for the condemnation of land either in the motion for a new trial or in the appellate

court no complaint can be made as to the competency of evidence introduced to aid the jury in ascertaining the damages.

In the City of Ft. Worth v. Morgan et al., Tex.Civ.App., 168 S.W. 976, it is held that in a proceeding by the City of Fort Worth to condemn land for public use the argument of counsel for the owners tending to affect the amount of damages would not constitute reversible error where the city did not claim that the judgment was too small or the award inadequate.

In Chicago, R. I. & G. Ry. Co. v. Barnes, 50 Tex.Civ.App. 46, 111 S.W. 447, it is held that though the argument of counsel was censurable it was not ground for reversing the judgment where the defendant's liability was shown and no complaint was made of the amount of the verdict.

To the same effect is Northern Texas Traction Co. v. Smith, Tex.Civ.App., 223 S.W. 1013.

After a careful consideration of the entire record we have concluded that no reversible error is presented.

The judgment is affirmed.