## PANHANDLE & SANTA FE RY. CO.
## v. WELCH.
### No. 6311.

Court of Civil Appeals of Texas.
Amarillo.

June 1, 1953.

Leon Douglas, Vernon, for appellant.

Mock & Kee, Wichita Falls, for appellee.

NORTHCUTT, Justice.

Appellee, D. A. Welch, sued appellant, Panhandle & Santa Fe Railway Company, to recover the difference between what is known as concentration privileges or the combination rate and the through rate. Appellee alleged that he had purchased some 865 bales of cotton at Sudan and/or Muleshoe, Texas, that the cotton was shipped from said points of purchase over appellant's rail line to Littlefield, Texas, for concentration and reshipment, that appellee paid appellant $426.92 for freight from points of origin to the point of concentration, that thereafter the cotton was concentrated and compressed at Littlefield, Texas, and reshipped over appellant's lines to final points of destination, appellee seeking to recover the difference between the combination rate and the through rate.

The case was tried to a jury and was submitted on one special issue, which issue was answered favorably to appellee. The court, in rendering judgment for appellee for $411, stated because of such jury finding and such additional consideration and findings as were authorized by law having been had and made and taking into consideration the matters deemed admitted in plaintiff's (appellee) request for admissions that judgment should be rendered for the plaintiff (appellee).

Appellant made a motion for a new trial but the same was overruled and appellant excepted and has perfected its appeal to this court.

Appellant urges four points of error and presents his first three points together. We will discuss all four points together as presented by appellant. The points of error urged by appellant present the following asserted errors: that appellee did not prove the material issue that the same or legally substituted cotton that was originally shipped from Muleshoe or Sudan left the concentration point at Littlefield over appellant's lines for outbound points; that the court erred in permitting appellee to testify to matters of hearsay and in not striking the hearsay testimony that was admitted. There were numerous requests for admissions by appellee and none of them were denied. In the judgment the court states that it took into consideration the matters deemed admitted in the requests numbered 1 through 54. The appellee testified as to the cotton purchased at Sudan and Muleshoe and shipped over the appellee's line to Littlefield, the point of concentration. He further testified that this cotton was all shipped from Littlefield over appellant's lines to the place of final destination and

none was ever shipped by truck. The appellant did not offer any proof to the contrary. Appellee offered in evidence the freight bills from Muleshoe and Sudan to Littlefield and also the bills of lading from Littlefield to different points. Further, appellee testified as to the customary way of handling these matters.

We are of the opinion that there was sufficient evidence to sustain the jury finding that the cotton shipped by appellee from Sudan and Muleshoe, Texas, to Littlefield, Texas, was the same or legally substituted cotton that was thereafter reshipped over appellant's lines to various points. Appellant objected to certain testimony of appellee on the ground same constituted hearsay. Since the type of evidence was introduced without objection, no reversible error was shown. The case of Eakin v. Glenn, Tex.Civ.App., 141 S.W.2d 420, 423, said:

"These assignments do not present reversible error for the additional reason that appellants permitted evidence to the same or similar effect introduced without objection. 17 Tex.Jur. 370, para. 126; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 11^3."

We do not believe the court erred in admitting the evidence that the appellant complains of as hearsay but, should it have been inadmissible, we believe it would have been harmless error. Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629, 630.

"It is now the law under Rule 434 that no judgment shall be reversed unless the error complained of probably caused rendition of an improper judgment and such rule has enlarged the doctrine of 'harmless error', so as to cast upon the complaining party the burden of showing at least that error probably resulted to his prejudice. American Nat. Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626, error refused.

"We do not find, in this case, the findings of the jury indicate that the testimony was of such a prejudicial nature as to have affected such findings."

We have carefully considered all points of error presented in this cause by appellant and we are of the opinion that no reversible error was committed. The judgment of the trial court therefore is affirmed.

MARTIN, J., not sitting.